UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERAFIN "STEFAN" JOSE PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA, et al.,<br><br>Defendants. | Case No. 21-cv-06190-JST<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 5 |

Before the Court is Plaintiff Serafin "Stefan" Jose Perez, Jr.'s ex parte application for temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. ECF No. 5. For the reasons discussed below, the Court denies Plaintiff's application for a TRO, but orders Defendants to show cause at 2:00 p.m. on August 25, 2021 why they should not be preliminarily enjoined pending litigation of this action.

On March 15, 2021, the Petaluma City Council passed a resolution creating an Ad Hoc Community Advisory Committee ("Committee") "to work with the City Manager and Chief of Police to develop recommendations . . . to address Petaluma community race relations and promote diversity, equity, and inclusion Citywide and regarding police policies." ECF No. 1 ("Compl.") ¶ 1. Plaintiff was appointed to the Committee, which consists of approximately 22 members and was scheduled to meet once a month for six months starting in April 2021. *Id.* ¶¶ 1, 12, 15. On June 15, 2021, Plaintiff met with the City Manager, the City Attorney, and the Ad Hoc Committee Facilitator to discuss tweets Plaintiff made in March 2020 that other Committee members found objectionable. *Id.* ¶¶ 17-19. Plaintiff was asked to resign from the Committee. *Id.* ¶ 19. Plaintiff agreed to skip the June Committee meeting but refused to resign. *Id.* ¶¶ 19-21. On July 12, 2021, the City Council amended the March 15 resolution to remove Plaintiff from the

Committee. *Id.* ¶ 2. Plaintiff now seeks to enjoin the City of Petaluma and the Petaluma City Council ("Defendants") from implementing the July 12 resolution and from proceeding with the Committee meeting scheduled for August 17, 2021. ECF No. 5 at 5.

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. In addition, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Plaintiff filed the instant action on August 11, 2021, ECF No. 1, and this ex parte application for a TRO on August 12, 2021, ECF No. 5, a full month after the July 12 resolution removed Plaintiff from the Committee and only five days (and three court days) before the August 17 Committee meeting that Plaintiff seeks to enjoin, *id.* at 5. A plaintiff's delay in seeking relief weighs against granting a TRO or preliminary injunction. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (quotation marks and citation omitted); *Devasahayam v. DMB Cap. Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (holding that one month delay was "reason enough to deny a TRO"); *Dahl v. Swift Distrib., Inc.*, No. CV 10-00551 SJO (RZx), 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (noting that eighteen-day delay in filing TRO application "implies a lack of urgency and irreparable harm," especially when the plaintiff "fails to explain why he was unable

to seek relief 'earlier by a motion for [injunction], avoiding the necessity for a last-minute [temporary restraining order]'"). Plaintiff does not address the one-month delay in filing his application for a TRO, nor why he seeks emergency relief days before the August Committee meeting even though he did not seek such relief before the July Committee meeting. Plaintiff's unexplained delay in seeking relief undermines his claim that he will suffer irreparable harm in the absence of a TRO. Accordingly, the Court will set the matter for a hearing on Plaintiff's request for a preliminary injunction, but will not issue an ex parte TRO.

Defendants are ordered to show cause at 2:00 p.m. on August 25, 2021 why they should not be preliminarily enjoined pending litigation of this action. Defendants' opposition shall be filed no later than August 18, 2021 at 5:00 p.m., and Plaintiff's reply shall be filed no later than August 23, 2021 at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: August 13, 2021

_____
JON S. TIGAR
United States District Judge